IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Henry J. Dukes, | ) | |
| | ) | C/A No. 4:12-3587-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Joseph McFadden, Warden of Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2245 on February 5, 2013. (Dkt. No. 18). Petitioner is in inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections. He is serving a sentence of forty-seven years (47) years for murder (Indictment No. 2008-GS-26-2911).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On February 5, 2013, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("Report") recommending that the Amended Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return. The Report also recommended that the District Court deny a Certificate of Appealability. (Dkt. No. 21). The Magistrate Judge provided Petitioner a notice advising him of his right to file objections to the Report. (Dkt. No. 21 at 6). Petitioner filed objections to the Magistrate Judge's Report on February 14, 2013. (Dk.t No. 24).

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The

recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

As noted by the Magistrate Judge, the Amended Petition raises only one ground which relates to an "allegedly fraudulent indictment which was true billed by the State." In his objections, Petitioner states that he has not exhausted Ground One because he is procedurally barred by *State v. Gentry*, 610 S.E.2d 494 (S.C. 2005).

In *State v. Gentry*, the South Carolina Supreme Court clarified the difference between challenging subject matter jurisdiction and challenging the sufficiency of an indictment, holding that a defendant must object to the sufficiency of an indictment before the jury is sworn. *Id*. at 101. Although Petitioner failed to make this timely

objection, that does not end the steps he must take in state court before bringing his case before this court. Petitioner must complete his direct appeal. If that appeal proves unsuccessful, then Petitioner may raise his objection to the indictment as part of a claim of ineffective assistance of counsel in an application for post-conviction relief.

The Magistrate Judge recommended that the Amended Petition be dismissed without prejudice and without requiring Respondent to file an Answer or return. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein. It is therefore **ORDERED** that the Amended Petition is **DISMISSED** without prejudice and without requiring Respondent to file an Answer or return.

Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              United States District Judge

March 4, 2013
Anderson, South Carolina